MANATT, PHELPS & PHILLIPS, LLP
MATTHEW P. KANNY (SBN: 167118)
mkanny@manatt.com
CRAIG S. RUTENBERG (SBN: 205309)
crutenberg@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Attorneys for Plaintiff
AETNA INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| AETNA INC., a Pennsylvania corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KURTZMAN CARSON CONSULTANTS, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 2:19-CV-04035-RGK-AS<br><br>**PLAINTIFF AETNA INC.'S NOTICE OF RELATED CASES (L.R. 83.1.3)** |

Pursuant to Local Rule 83-1.3, Plaintiff Aetna Inc. ("Aetna") submits this Notice of Related Cases filed in (or transferred to) this District:

1. *KCC Class Action Services, LLC v. Aetna Inc.*, Case No. 2:18-cv-01018-JFW-JEM (C.D. Cal., filed Feb. 6, 2018) (the "KCC CAS Action").

2. *Aetna Inc. v. Whatley Kallas, LLC, et al*, Case No. 2:19-CV-03532-SVW-JPR (transferred to C.D. Cal. on April 30, 2019) (the "Whatley-Consumer Watchdog Action").

## I. FACTUAL STATEMENT REGARDING RELATEDNESS

### A. Relevant Background

In 2014 and 2015 respectively, two putative class action cases were filed against Aetna and certain of its subsidiaries and affiliates in federal courts in California and Florida, *Doe, et al. v. Aetna Inc., et al.*, Case No. 3:14-cv-02986-LAB-DHB (S.D. Cal., filed Dec. 19, 2014), and *Doe v. Coventry Health Care, Inc., et al.*, Case No. 0:15-cv-62685-CMA (S.D. Fla., filed Dec. 22, 2015) (the "*Doe* Lawsuits").[1] Whatley Kallas LLP and Whatley Kallas LLC ("Whatley"), and Consumer Watchdog ("CW," and together with Whatley, "*Doe* Counsel"), represented the *Doe* plaintiffs and the interests of the putative classes, which were comprised of Aetna members. The *Doe* Lawsuits were ultimately settled. The parties agreed that a written notice would be provided to certain putative class members advising them of options when filling prescriptions for HIV medications (the "Notice"). Defendant Kurtzman Carson Consultants, LLC ("KCC Kurtzman") served as the settlement administrator in the *Doe* Lawsuits.[2] *Doe* Counsel

---

[1] For a further discussion of the factual background related to this dispute, Aetna refers the Court to the Complaint it filed in this action.

[2] The parties in this Action (the "KCC Kurtzman Action") and the KCC CAS Action dispute which entity acted as the settlement administrator. Aetna has alleged that KCC Kurtzman was the settlement administrator in the *Doe* Lawsuits. The KCC CAS Action was filed by KCC Class Action Services, LLC ("KCC CAS"), an affiliate of KCC Kurtzman, which claims to have been the settlement administrator. KCC Kurtzman and KCC CAS shall be collectively referred to herein as KCC.

recommended using KCC and were paid to oversee KCC and the Notice mailing. An unsigned proposal submitted by KCC for the work listed only Whatley as the "Client," not Aetna or Aetna's counsel, Gibson, Dunn & Crutcher LLP ("Gibson"). To Aetna's knowledge, the proposal was never signed. The proposal distinguished between the windowless #10 envelope KCC would use to mail the Notice, and the #10 *window* envelope KCC would use to mail a different notice.

On July 28, 2017, despite representing that it would use windowless envelopes to mail the Notice, and despite knowing that it was handling protected health information ("PHI"), KCC improperly mailed the Notice to approximately 12,000 Aetna/putative class members using windowed envelopes. In early August 2017, Aetna began receiving calls and emails from Aetna members who had received the Notice, claiming the words "HIV Medications" could be viewed, in whole or in part, through the envelope's window below the member's name and address.

### B. Subsequent Litigation

On August 28, 2017, plaintiff Andrew Beckett filed a putative nationwide class action against Aetna and certain of its affiliates in the E.D. Pa., *Andrew Beckett v. Aetna, Inc.* et al., Case No. 2:17-cv-03864-JS (E.D. Pa.) ("*Beckett*"). The *Beckett* complaint concerns the alleged wrongful disclosure of approximately 12,000 Aetna members' HIV-related information via the July 28, 2017 mailing of notices utilizing windowed envelopes through which the phrase "HIV Medications" was allegedly visible ("the Incident"). (*Beckett* Compl. ¶¶ 1-10.) Multiple other class actions[3] were subsequently filed, transferred to, and/or consolidated with *Beckett* (the "Consolidated Actions"). On October 16, 2018, the

---

[3] *R.H. v. Aetna Inc.*, Case No. 2:17-cv-04566 (E.D. Pa.); *Doe v. Aetna., Inc., et al.*, Case No, 3:17 cv-05191-RS (N D Cal.); *Doe v. Aetna Inc.*, Case No. 3:17-cv-1947-11-JLB (S D. Cal); *Doe v. Aetna, Inc.*, Case No. 3:17-cv-01751 (D. Conn.); *SA. v. Aetna, Inc., et. al.*, Case No. BC674088 (Cal. Sup.); *Doe v. Aetna, Inc.*, Case No. 4:17-cv-00929 (W.D. Mo.).

E.D. Pa. entered its Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement in the Consolidated Actions.[4] (*Beckett* Dkt. No. 72.) Pursuant to the settlement in the Consolidated Actions, Aetna denied all liability for the claims alleged therein, and agreed to pay $17,161,200 into a Settlement Fund to be distributed to the *Beckett* class pursuant to the terms of the *Beckett* settlement agreement. (*Beckett* Dkt. No. 50-3.) Aetna obtained broad releases from the *Beckett* class, and reserved all rights to seek indemnity, contribution and/or reimbursement from all those involved in the Incident, including KCC.

On February 5, 2018, Aetna filed this KCC Kurtzman Action in the E.D. Pa., seeking indemnity, contribution and damages from KCC Kurtzman arising from, among other things, its improper mailing of the Notice giving rise to the Incident. In the KCC Kurtzman Action, Aetna alleges, among other things, that KCC did not (i) advise Aetna or its counsel of its plan to use a window envelope, (ii) show the final version of the Notice, within the envelope, to Aetna or its counsel, (iii) review the letter within the envelope before it mailed the Notice, (iv) perform any testing or quality assurance to ensure that PHI could not be seen through the window envelope, and/or (v) follow the standard of care in the industry with respect to the mailing of PHI. In this KCC Kurtzman Action, Aetna also seeks the return of confidential information and data, provided to KCC in connection with the Notice mailing, which KCC refuses to return.

The following day, KCC CAS filed the KCC CAS Action in this Court, which seeks, among other things, a declaration that it has no obligation to provide indemnity, contribution, and/or reimbursement to Aetna as a result of the Incident. Aetna moved to dismiss, transfer, or stay the KCC CAS Action under the First-to-File Rule and 28 U.S.C. § 1404(a), as this KCC Kurtzman Action was the first

---

[4] As set forth in the concurrently filed Notice of Pendency of Other Actions or Proceedings, several individual actions also were filed outside the Central District of California, with one such action still pending.

filed, and the E.D. Pa. is the appropriate forum for resolution of the parties' dispute. (*See* KCC CAS Action Dkt. No. 30.) On March 20, 2018, Judge Walter granted Aetna's motion in part and stayed the KCC CAS Action pending resolution of a parallel motion to dismiss that KCC Kurtzman had filed in this KCC Kurtzman Action. (*Id.* Dkt. No. 59.) Among other things, Judge Walter found that the KCC CAS Action involved "similar claims" and "substantially similar" parties as this KCC Kurtzman Action. (*Id.* at 5.)

Separately, on May 23, 2018, Aetna filed the Whatley-Consumer Watchdog Action in the E.D. Pa seeking indemnity, contribution and damages from the *Doe* Counsel and for declaratory relief arising from their acts, errors, omissions, and breaches of duty to the Aetna/putative class members in connection with their handling and supervision of KCC and the Notice mailing, which caused and/or contributed to the substantial damages and losses sustained by Aetna.

On March 29, 2019, the E.D. Pa. ordered that both this Action and the Whatley-Consumer Watchdog Action be transferred to the Central District. (Dkt. No. 59; Whatley-Consumer Watchdog Dkt. No. 66.)

## II. THIS ACTION IS RELATED TO THE KCC CAS AND KCC KURTZMAN ACTIONS

In accordance with Local Civil Rule 83-1.3.1 of the United States District Court for the Central District of California, civil actions filed in this District are related if they "(a) arise from the same or a closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons would entail substantial duplication of labor if heard by different judges." L.R. 83-1.3.1.

As set forth above, this KCC Kurtzman Action, the KCC CAS Action, and the Whatley-Consumer Watchdog Action are related, in that they all arise from the Incident and therefore arise from the "same or a closely related . . . event" such that there would be a "substantial duplication of labor" if the actions were heard by

different judges. L.R. 83-1.3.1. In addition, the three actions "call for determination of . . . substantially related or similar questions of law and fact." *Id.*

Dated: May 10, 2019         MANATT, PHELPS & PHILLIPS, LLP

By:   /s/ Matthew P. Kanny
      Matthew P. Kanny
      Craig Rutenberg
      *Attorneys for Plaintiff*
      AETNA INC.

# CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2019, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF system and that all counsel of record will be served via the Notice of Electronic Filing generated by CM/ECF.

/s/ Matthew P. Kanny
Matthew P. Kanny

205081662.2