```
MANATT, PHELPS & PHILLIPS, LLP
MATTHEW P. KANNY (SBN: 167118)
mkanny@manatt.com
CRAIG S. RUTENBERG (SBN: 205309)
crutenberg@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Attorneys for Plaintiff
AETNA INC.
```

FILED
CLERK, U.S. DISTRICT COURT

5/23/2019

CENTRAL DISTRICT OF CALIFORNIA
BY: ___IV___ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| AETNA INC.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>KURTZMAN CARSON CONSULTANTS, LLC, and KCC CLASS ACTION SERVICES, LLC,<br><br>　　　　Defendants. | CASE NO. 2:19-CV-04035-JFW-JEM<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>(1) EQUITABLE INDEMNITY;<br>(2) CONTRIBUTION;<br>(3) DECLARATORY RELIEF;<br>(4) NEGLIGENCE;<br>(5) CONVERSION;<br>(6) RECOVERY OF PERSONAL PROPERTY/REPLEVIN<br><br>**DEMAND FOR JURY TRIAL** |

## FIRST AMENDED COMPLAINT

Aetna Inc. ("Aetna"), for its First Amended Complaint ("FAC") against Defendants Kurtzman Carson Consultants, LLC ("KCC Kurtzman") and KCC Class Action Services, Inc. ("KCC CAS"),[1] alleges the following:

## INTRODUCTION

1. By this action ("Action"), Aetna seeks indemnity, contribution, reimbursement, and damages from KCC for its acts, errors, omissions, negligence, recklessness, and/or gross negligence relating to the handling of Aetna members' protected health information ("PHI") and the mailing of a notice to approximately 12,000 Aetna members in window envelopes which potentially disclosed PHI of the recipient to unauthorized third parties (as further defined below, the "Incident"). Aetna also seeks to recover the data Aetna's counsel provided to KCC to carry out the mailing (and thereafter delete and destroy all copies thereof), which included the names and information of certain members who were to receive the above-referenced mailings (the "Confidential Data and Information"). KCC has refused, and continues to refuse, to return, delete and destroy the Confidential Data and Information.

2. On February 5, 2018, Aetna filed this suit against KCC Kurtzman in the Eastern District of Pennsylvania ("E.D. Pa."), *Aetna Inc. v. Kurtzman Carson Consultants, LLC,* Case No. 2:18-cv-00470-JS. This Action was recently transferred from the E.D. Pa. to this Court.

3. Based upon its understanding of the facts, and without the advantage of discovery, Aetna is informed and believes that KCC Kurtzman handled the member data and mailed the Notice, and therefore is the proper party liable for Aetna's claims and damages alleged herein. However, on February 6, 2018, KCC CAS filed an action in this district, *KCC Class Action Services, LLC v. Aetna Inc.,*

---

[1] Aetna refers to KCC Kurtzman and KCC CAS together as "Defendants" or "KCC."

Case No. 2:18-cv-1018-JFW-JEM. KCC Kurtzman and KCC CAS are represented by the same counsel in both actions, and on March 8, 2018, KCC CAS filed a Notice of Pendency of Other Actions in the KCC CAS lawsuit listing this Action. In the KCC CAS lawsuit, and in papers filed in the E.D.Pa., KCC CAS has asserted that it – not KCC Kurtzman – handled Aetna's member data and mailed the Notice, and therefore is the responsible party. Accordingly, out of an abundance of caution, and in order to preserve (and without waiver of) its rights, Aetna asserts its claims against KCC CAS, as well.

4. Aetna has incurred, and continues to incur, liability, damages, payments, penalties, claims, losses, and expenses as a result of KCC's actions. Aetna seeks an order from the Court declaring that KCC is obligated to defend, indemnify, reimburse, and hold Aetna harmless from and against any and all liability, damages, payments, penalties, claims, losses, costs, and expenses, including attorneys' fees, paid or incurred, or to be paid or incurred, by Aetna relating in any way to the Incident. Further, Aetna seeks provisional and permanent orders requiring KCC to return property belonging to Aetna, in the form of data and information provided to KCC by attorneys for Aetna, which identifies certain health plan members who were to receive mailings in connection their health plan benefits administered by Aetna and affiliates, and to delete and destroy any copies of such property.

5. This Action is related to and arises from matters raised, and settled on a nationwide basis, in the class action filed in the E.D. Pa. styled *Beckett, et al.* v. *Aetna Inc., et al.*, No. 2:17-cv-03864-JS, (the "*Beckett* Action"). The obligations, payments, costs, and expenses for which Aetna seeks indemnity, reimbursement, contribution and other relief include the payments required to be made and the costs and expenses incurred by Aetna in connection with the defense of the *Beckett* Action.

## PARTIES

6. Plaintiff Aetna is a Pennsylvania corporation with its principal place of business in Connecticut.

7. Plaintiff is informed and believes, and thereon alleges that Defendant KCC Kurtzman is a Delaware limited liability company, with its principal place of business in El Segundo, California.

8. Plaintiff is informed and believes, and thereon alleges that Defendant KCC CAS is a Delaware limited liability company, with its principal place of business in El Segundo, California.

9. Aetna is informed and believes, and thereon alleges, that KCC CAS is the alter ego of KCC Kurtzman, and has been used to shield KCC Kurtzman's assets and income from creditors including Aetna. To avoid fraud and injustice and serve the principles of equity, the separate existence of KCC Kurtzman and KCC CAS should be disregarded and Aetna should have recourse against all of KCC's assets to the extent of KCC's total obligations to Aetna.

10. KCC's conduct described herein was undertaken or authorized by KCC's officers or agents who were responsible for the actions taken herein. KCC had advanced knowledge of the actions and conduct of said officers and agents, and their actions and conduct was ratified, authorized, and approved by KCC, either directly or through its officers of agents.

## JURISDICTION AND VENUE

11. This Action is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000 00, exclusive of all costs. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) (diversity jurisdiction).

12. Venue in this District is proper pursuant to 28 U S C §1391(b). Defendants are domiciled and regularly conduct business in this District.

## GENERAL ALLEGATIONS

13. Aetna is one of the nation's leading diversified health care benefits companies. Aetna offers a broad range of traditional, voluntary, and consumer-directed health insurance products and related services including medical, pharmacy, dental, behavioral health, group life and disability plans, medical management capabilities, and other products and services. Its customers include employer groups, individuals, college students, part time and hourly workers, health plans, health care providers, governmental units, government-sponsored plans labor groups, and expatriates.

14. In 2014 and 2015 respectively, two putative class action cases were filed against Aetna and certain of its subsidiaries and affiliates in federal courts in California and Florida, *Doe et al. v. Aetna Inc. et al.* No. 3:14-cv-02986 LAB DIIB (S D. Cal., Dec. 19, 2014), and *Doe v. Coventry Health Care, Inc. et al.* No 0:15-cv 62685-CMA (S.D. Fla Dec. 22, 2015) (the "*Doe* lawsuits"). The *Doe* lawsuits were ultimately settled.

15. Under the settlement agreement in the *Doe* lawsuits, the parties agreed that a written notice (the "Notice") would be provided to certain putative class members (the "Members") advising those Members of their options when filling prescriptions for HIV medications. In addition to the Notice, the parties agreed that a separate written notice would also be sent to certain other Members regarding their right to file a claim for refunds of certain out of- pocket costs under the settlement agreement (the "Settlement Notice").

16. KCC's business is settlement administration. KCC's website, www.kccllc.com, defines KCC Kurtzman as "KCC" and refers to "KCC" throughout.[2] On its website, KCC boasts that: (i) it has administered over 6,500 settlements; (ii) it has been recognized as a "best claims administrator" by *The Recorder, The New York Law Journal,* and *The National Law Journal*; (iii) it mails

---

[2] According to Westlaw searches, KCC Kurtzman appears in the role of litigation claims administrator, or similar, over 200 times; KCC CAS appears in similar roles about 30 times.

"millions of documents annually"; (iv) it provides defensible . . . notice methods that achieve Federal and State compliance;" (v) it "has the largest infrastructure in the class action industry, and is backed by superior data security, call center support, and technology"; (vi) its "proprietary technology and data-handling processes set the industry standard for security, cost efficiency and quality"; and (vii) its "judicially-recognized experts have more than 30 years of industry experience and have created and executed more than 100 notice programs."[3]

17. KCC was recommended to Aetna by plaintiffs' counsel in the *Doe* lawsuits, who had previously used KCC in other similar actions. Based upon that recommendation, the parties in the *Doe* lawsuits and their counsel agreed to use KCC as the settlement administrator. KCC was engaged to, among other things, mail the Notice, mail the Settlement Notice, and process claims that were submitted as part of the settlement.

18. In a proposal submitted to counsel in the *Doe* lawsuits (the "Proposal"), KCC represented that it would use a #10 envelope to mail the Notice and a #10 *window* envelope to mail the Settlement Notice.

19. The Proposal identified counsel for the *Doe* lawsuit plaintiffs as the sole "Client" and did not identify Aetna or its counsel as a party to the Proposal. Upon information and belief, the Proposal was never signed.

20. Upon information and belief, KCC knew, or should have known, that they were handling PHI, including confidential HIV-related information, similar to other cases it had handled. Specifically, KCC knew, or should have known, that the words "HIV Medications" were referenced in the Notice immediately below the recipient's name and address.

21. On July 28, 2017, despite representing that it would use windowless envelopes to mail the Notice, and despite knowing that it was handling PHI, KCC

---

[3] *See* http://www.kccllc.com/class-action/what-we-do.

improperly mailed the Notice to approximately 12,000 Members across the country, using envelopes with large see-through address windows that allegedly disclosed the recipients' PHI through the envelopes' windows.

22. Upon information and belief, among other things, prior to mailing the Notice, KCC did not (i) advise Aetna or its counsel in the *Doe* lawsuits that it intended to use, or in fact would be using, a window envelope to mail the Notice, (ii) show the final version of the Notice, within the envelope, to Aetna or its counsel in the *Doe* lawsuits before mailing the Notice, (iii) review the letter within the envelope before it mailed the Notice, (iv) perform any testing or quality assurance to ensure that PHI could not be seen through the window envelope, and/or (v) follow the standard of care in the industry with respect to the mailing of PHI.

23. In early August 2017, Aetna began receiving calls and emails from Members who had received the Notice, claiming the words "HIV Medications" could be viewed, in whole or in part, through the envelope's window.

24. On August 28, 2017, Plaintiff Andrew Beckett filed the *Beckett* Action. Among other things, the class action complaint alleged that the Notice, as prepared and mailed by KCC, was enclosed and positioned within windowed envelopes in such a manner that allowed the words 'HIV Medications," in whole or in part, to be viewed through the envelope's window below the Member's name and address. The class action complaint further alleged that this allowed unauthorized persons to view confidential HIV-related information of Plaintiff Beckett and the putative class members, causing substantial damage and harm to them. The privacy incident is referred to herein as the "Incident."

25. On September 29, 2017, Aetna initiated a program to address the possible risks of potential immediate harm caused by the Incident to potentially affected Members and their families. The relief provided under this immediate

relief program included counseling and emergency financial assistance. To date, Aetna has paid over $100,000 to potentially affected Members.

26. In addition to the *Beckett* Action, six other class action lawsuits were filed against Aetna or Aetna-related entities in various state and federal courts across the country, complaining of the Incident: *R.H. v. Aetna Inc.*, Case No. 2:17-cv-04566 (E.D. Pa.); *Doe v. Aetna., Inc., et al.*, Case No, 3:17 cv-05191-RS (N.D. Cal.); *Doe v. Aetna Inc.*, Case No. 3:17-cv-1947-11-JLB (S.D. Cal); *Doe v. Aetna, Inc.*, Case No. 3:17-cv-01751 (D. Conn.); *SA. v. Aetna, Inc., et. al.*, Case No. BC674088 (Cal. Sup.); *Doe v. Aetna, Inc.*, Case No. 4:17-cv-00929 (W.D. Mo.).

27. All of the aforementioned class action lawsuits ultimately joined and/or were consolidated with the *Beckett* Action in the E.D. Pa. (together, the "Consolidated Actions").

28. On October 16, 2018, the Court in the Consolidated Actions entered the Order Granting Plaintiff's Motion for Final Approval of Class Action Settlement. As part of the Class Action Settlement, Aetna agreed to pay into a settlement fund the total sum of $17,162,000. In exchange for this payment, among other things, Aetna obtained broad releases from the class members for all involved in the Incident, including KCC, while at the same time preserving Aetna's rights to pursue all claims against non-parties to the settlement, including claims against KCC for contribution, indemnity, reimbursement, and/or damages.

29. Multiple individual actions have also been filed against Aetna; these actions also complain of harm and damages allegedly caused by the Incident. *See D.L., v. Aetna, Inc., et al.*, Case No. 30-2018-00981438-CU-PO-CJC (Cal. Sup.); *Smith v. Aetna, Inc.*, Case No. 2:17-cv-12668 (D. N.J.); *Doe v. Aetna, Inc., et al.*, Case No. C17-02082 (Cal. Sup.); *John Doe a.k.a. B.E. v. Aetna Health Inc.*, Case No. 6:18-cv-979-Orl-37GJK (M.D. Fla., removed June 22, 2018).

30. In total, to date, eleven lawsuits have been filed against Aetna or Aetna-related entities alleging harm and damages purportedly caused by the Incident (together, the "Underlying Actions").

31. In addition to the Underlying Actions, several state attorneys general, as well as the United States Department of Health and Human Services, opened investigations into the Incident (the "Investigations"). The Investigations have led and potentially could lead to the payment by Aetna of civil penalties as a result of the Incident.

32. Aetna has incurred, and continues to incur, substantial costs and expenses as a result of the Incident, including attorneys' fees and expenses associated with defending itself in the Underlying Lawsuits and the Investigations.

33. On October 11, 2017, October 23, 2017, and January 19, 2018, Aetna sent letters to KCC Kurtzman's and KCC CAS's shared counsel demanding that KCC defend, indemnify, and/or hold Aetna harmless from and against any liability, damages, payments, penalties, claims, losses, and costs and expenses, including attorneys' fees, relating to the Incident, the Underlying Actions, and the Investigations.

34. KCC has refused, and continues to refuse, to do so.

35. Further, on several occasions, beginning in August 2017, Aetna has requested that KCC return the Confidential Data and Information to Aetna.

36. KCC has refused, and continues to refuse, to return, delete, and/or destroy the Confidential Data and Information.

37. Aetna has repeatedly requested that KCC provide to Aetna information and materials regarding, among other things, its policies and procedures related to the mailing of the Notice, and any information, instructions, communications or data regarding the mailing, including interactions with counsel for Plaintiff in the *Doe* lawsuits, in order for Aetna to assess how the Incident occurred. To date, KCC has refused to provide any such information or materials.

## COUNT ONE

(Equitable Indemnity against all Defendants)

38. Aetna re-alleges all of the foregoing paragraphs of this FAC as if fully set forth herein.

39. The Incident was caused primarily, if not entirely, by KCC. The acts, errors, omissions, negligence, recklessness and/or gross negligence of KCC are the direct and proximate causes of the Incident. Aetna disputes that it is in any way at fault for the Incident.

40. Aetna would not have been sued by the Members but for the acts, errors, omissions, negligence, recklessness, and/or gross negligence of KCC, as described herein.

41. As a direct and proximate result of the acts, errors, omissions, negligence, recklessness, and/or gross negligence of KCC, Aetna has incurred, and will continue to incur, liability, damages, payments, penalties, claims, losses, and costs and expenses, including attorneys' fees, relating to the Incident, the Underlying Actions, and the Investigations, the exact amount of which is unknown at this time. Aetna entered into a Court-approved settlement of the Consolidated Actions, which obligated Aetna to pay damages to the settlement class in a sum of $17,162,000, and to make additional expenditures, as set forth in the settlement agreement in the Consolidated Actions. Aetna also has settled, and continues to defend, individual actions related to the Incident.

42. As a direct and proximate result of the acts, errors, omissions, negligence, recklessness, and/or gross negligence of KCC, Aetna has incurred, and will continue to incur, attorneys' fees and investigative and other costs in connection with the Incident, the Underlying Actions, and the Investigations, the exact amount of which is unknown at this time. In addition, Aetna has paid, and

potentially could be required to pay, penalties and fines as a result of the Incident – the exact amount of which is unknown at this time.

43. As a direct and proximate result of the acts, errors, omissions, negligence, recklessness, and/or gross negligence of KCC, Aetna has also paid approximately $100,000 to Members in connection with its immediate relief program.

44. As set forth above, KCC has failed and refused, and continues to fail and refuse, to defend or indemnify Aetna. As a direct and proximate result thereof, Aetna has been damaged, in an amount not less than $20 million, for, among other things, amounts paid or incurred, or to be paid or incurred, by Aetna pursuant to the Incident, the Underlying Actions, and the Investigations, and for costs and attorneys' fees.

45. As the party responsible for the Incident, KCC has an equitable duty to defend Aetna from any and all liability, damages, payments, penalties, claims, losses, expenses, costs and attorneys' fees arising from or in connection with the Incident, the Underlying Actions, and the Investigations, and KCC is further obligated to indemnify Aetna for such liability, damages, payments, penalties, claims, losses, expenses, costs, and attorneys' fees incurred and to be incurred by Aetna.

46. Aetna has demanded that KCC defend and indemnify Aetna as set forth above, but KCC has failed and refused, and continues to fail and refuse, to do so.

## COUNT TWO

(Contribution Pursuant to Pa. Cons. Stat. § 8324 against all Defendants)

47. Aetna re-alleges all of the foregoing paragraphs of this FAC as if fully set forth herein.

48. As a result of the acts, errors, omissions, negligence, recklessness, and/or gross negligence of KCC, to date, Aetna has paid more than its share of the

damages related to the Incident, the Underlying Actions, and the Investigations for which KCC is jointly and severally liable. Among other things, Aetna has paid damages in an amount over $17 million in the Underlying Actions, and has incurred and will continue to incur attorneys' fees and investigative and other costs in connection with the Incident, the Underlying Actions and the Investigations.

49. In addition, Aetna has paid civil penalties, and faces possible further civil penalties, in an amount unknown at this time, as a result of the Investigations.

50. Aetna is entitled to contribution from KCC for its proportionate share of all liability, damages, payments, penalties, claims, losses, and costs and expenses, including attorneys' fees, incurred by Aetna relating to the Incident, the Underlying Actions, and the Investigations.

## **COUNT THREE**

(Declaratory Relief against all Defendants)

51. Aetna re-alleges all of the foregoing paragraphs of this FAC as if fully set forth herein.

52. An actual controversy has arisen and now exists between Aetna and KCC, in that Aetna alleges, and KCC denies, that KCC is obligated to defend, indemnify, reimburse, and hold Aetna harmless as set forth above.

53. An actual controversy has also arisen and now exists between Aetna and KCC, in that Aetna alleges, and KCC denies, that KCC is responsible, in whole or in part, for the Incident, and refuses to reimburse or pay Aetna for any liability, damages, payments, penalties, claims, losses, and costs and expenses, including attorneys' fees, paid or incurred, or to be paid or incurred, by Aetna in connection with the Incident, the Underlying Actions, and the Investigations.

54. As a result of such controversy, it is necessary and appropriate at this time for the Court to declare and determine Aetna's right to be indemnified and/or to receive indemnity, contribution and/or reimbursement from KCC for any liability, damages, penalties, claims, losses, expenses, costs, and attorneys' fees

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

11                                      FIRST AMENDED COMPLAINT

paid or incurred, or to be paid or incurred, by Aetna in connection with the Incident, the Underlying Actions, and the Investigations.

55. It is also necessary and appropriate for the Court to declare and determine Aetna's right to be indemnified and/or to receive indemnity, contribution and/or reimbursement from KCC from and against any liability, damages, penalties, claims, losses, expenses, costs, and attorneys' fees incurred in connection with future actions arising out of the Incident. In addition, it is necessary and appropriate for the Court to declare and determine the proportion of fault assigned to KCC for the Incident.

56. Further, an actual controversy has arisen and now exists between Aetna and KCC, in that Aetna has demanded that KCC return the Confidential Data and Information it has in its possession to Aetna, and to delete and/or destroy all remaining copies of the data, but KCC has refused to do so, claiming that it has the right to retain the Confidential Data and Information, which Aetna denies.

57. Aetna alleges, and KCC denies, that Aetna owns and/or has paramount proprietary interests in the Confidential Data and Information, and that Aetna has the exclusive right of immediate possession of the Confidential Data and Information.

58. KCC unlawfully and without approval of Aetna has retained the Confidential Data and Information, and must be ordered to immediately return and deliver it to Aetna and delete and destroy it at KCC's own expense.

59. As a result of such controversy, it is necessary and appropriate at this time for the Court to declare and determine: (i) Aetna's paramount proprietary interests in the Confidential Data and Information, (ii) that Aetna has the exclusive right of immediate possession of the Confidential Data and Information, and (iii) that KCC must return the Confidential Data and Information it has in its possession to Aetna, and to delete and/or destroy all remaining copies of the data.

60. Aetna has no adequate remedy otherwise at law.

## COUNT FOUR

### (Negligence against all Defendants)

61. Aetna re-alleges all of the foregoing paragraphs of this FAC as if fully set forth herein.

62. As the settlement administrator in the *Doe* lawsuits, KCC owed a duty to Aetna, to exercise reasonable care in handling of its Members' PHI KCC received from Aetna in connection with the Notice mailing.

63. As the settlement administrator in the *Doe* lawsuits, KCC owed a duty to the plaintiffs in the *Doe* lawsuits – who are also Aetna Members – to exercise reasonable care in the handling of the Members' PHI.

64. KCC owed duties to Aetna and its Members to exercise reasonable care in handling of its Members' protected health information KCC received from Aetna in connection with the Notice mailing.

65. KCC breached its duty to exercise reasonable care in its handling of Members' PHI and when it negligently, recklessly, and/or with gross negligence mailed the Notice using large, see-through window envelopes, and in a manner which caused the Incident.

66. As a direct and proximate result of KCC's acts, errors, omissions, negligence, recklessness, and/or gross negligence, Aetna has incurred substantial damages, including, among other things, damages it paid to settle, and to defend against, the Underlying Actions and Investigations.

67. KCC's wrongful acts alleged herein were willful, intentional, and done with oppression, malice, and in conscious and/or reckless disregard for Aetna's rights such that Aetna is entitled to exemplary or punitive damages in an amount according to proof.

## COUNT FIVE

(Conversion against all Defendants)

68. Aetna re-alleges all of the foregoing paragraphs of this FAC as if fully set forth herein.

69. At all relevant times, Aetna was entitled to possession of the Confidential Data and Information.

70. KCC has converted the Confidential Data and Information for its own personal use without the permission or consent of Aetna.

71. On several occasions, Aetna has demanded that KCC return the Confidential Data and Information it has in its possession to Aetna, and to delete and/or destroy all remaining copies of the data, but KCC has refused to do so.

72. KCC's wrongful acts alleged herein were willful, intentional, and done with oppression, malice, and in conscious and/or reckless disregard for Aetna's rights such that Aetna is entitled to exemplary or punitive damages in an amount according to proof.

73. As a proximate result of KCC's conversion, Aetna has been damaged in an amount according to proof at least in excess of the jurisdictional minimum of the Court.

## COUNT SIX

(Recovery of Personal Property/Replevin)

74. Aetna re-alleges all of the foregoing paragraphs of this FAC as if fully set forth herein.

75. In connection with the *Doe* lawsuits, KCC received possession of Confidential Data and Information.

76. Aetna has demanded that KCC return the Confidential Data and Information it has in its possession to Aetna, and to delete and/or destroy all remaining copies of the data, but KCC has refused to do so.

77.  Aetna owns and/or has paramount proprietary interests in the Confidential Data and Information.

78.  Aetna has the exclusive right of immediate possession of the Confidential Data and Information.

79.  KCC does not have any claim of ownership or possession to the Confidential Data and Information.

80.  Aetna did not, and has not, consented to allow KCC to retain possession of the Confidential Data and Information.

81.  There is no contractual, legal, or equitable justification which permits KCC to continue to retain the Confidential Data and Information.

82.  KCC unlawfully and without approval of Aetna has retained the Confidential Data and Information, and must be ordered to immediately return and deliver it to Aetna and delete and destroy it at KCC's own expense.

## **PRAYER**

WHEREFORE, Aetna prays for judgment in its favor, and against Defendants KCC Kurtzman and KCC CAS, and hereby requests as follows:

On the First Cause of Action:

1.  For an order of the court declaring the percentage of fault, if any, between KCC Kurtzman and/or KCC CAS and Aetna, and each of them, for the liability, damages, penalties, claims, losses, expenses, costs, and attorneys' fees caused to and incurred by Aetna;

2.  For an order of the court awarding judgment in favor of Aetna and against KCC Kurtzman and/or KCC CAS, based upon the relative percentage of fault of each party including KCC Kurtzman and/or KCC CAS;

3.  An award in an amount to be determined at trial, not less than $20 million, as indemnity for the liability, damages, penalties, claims, losses, expenses, costs, and attorneys' fees caused to and incurred by Aetna;

On the Second Cause of Action:

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

15          FIRST AMENDED COMPLAINT

4. For an order of the court declaring the percentage of fault, if any, between KCC Kurtzman and/or KCC CAS and Aetna, and each of them, for the liability, damages, penalties, claims, losses, expenses, costs, and attorneys' fees caused to and incurred by Aetna;

5. For an order of the court awarding judgment in favor of Aetna and against KCC Kurtzman and/or KCC CAS, based upon the relative percentage of fault of each party including KCC Kurtzman and/or KCC CAS;

6. Damages in an amount to be determined at trial, not less than $20 million;

On the Third Cause of Action:

7. Declaratory relief declaring that Aetna is entitled to be defended, indemnified and held harmless by KCC Kurtzman and/or KCC CAS from and against all liability, damages, payments, penalties, losses, costs, judgments, expenses, and attorneys' fees in connection with the Incident, the Underlying Actions and the Investigations, or future actions, investigations or proceedings arising from or relating to the Incident;

8. Declaratory relief declaring that (a) the Confidential Data and Information is the property of Aetna, and that KCC Kurtzman and/or KCC CAS has no right to ownership or possession of same; (b) ordering KCC Kurtzman and/or KCC CAS to immediately return the Confidential Data and Information to Aetna or its designated agent at KCC Kurtzman's and/or KCC CAS's own expense and deliver it into the control and possession of Aetna or its designated agent; (c) ordering KCC Kurtzman and/or KCC CAS to otherwise delete and destroy, and to certify to the Court that it has done so by sworn affidavit, all copies of the Confidential Data and Information; and (d) such other related injunctive and declaratory relief to facilitate enforcement of the foregoing obligations of KCC Kurtzman and/or KCC CAS with respect to the Confidential Data and Information;

On the Fourth Cause of Action:

9. Damages in an amount to be determined at trial, not less than $20 million;

10. For punitive and exemplary damages according to proof at trial;

<u>On the Fifth and Sixth Causes of Action</u>:

11. For a preliminary and permanent injunction and/or a prejudgment writ of possession;

12. For an Order that KCC Kurtzman and/or KCC CAS immediately (a) return the Confidential Data and Information to Aetna or its designated agent at KCC Kurtzman's and/or KCC CAS's own expense and deliver it into the control and possession of Aetna or its designated agent; and (b) delete and/or destroy, and certify to the Court that it has done so by sworn affidavit, all copies of the Confidential Data and Information; and (c) such other related orders necessary to facilitate enforcement of the foregoing obligations of KCC Kurtzman and/or KCC CAS with respect to the Confidential Data and Information;

13. Damages in an amount to be determined at trial;

14. For punitive and exemplary damages according to proof at trial;

<u>On the All Causes of Action</u>:

15. Other declaratory relief as appropriate;

16. An award of the cost of suit and reasonable attorney's fees; and

17. Such other and further relief as the Court may deem just and proper.

Dated: May 23, 2019                    MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Matthew P. Kanny
    Matthew P. Kanny
    Craig Rutenberg
    *Attorneys for Plaintiff*
    AETNA INC.

## DEMAND FOR JURY TRIAL

Plaintiff Aetna Inc. hereby demands a jury trial.

Dated: May 23, 2019

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Matthew P. Kanny
Matthew P. Kanny
Craig Rutenberg
*Attorneys for Plaintiff*
AETNA INC.

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2019, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF system and that all counsel of record will be served via the Notice of Electronic Filing generated by CM/ECF.

/s/ Matthew P. Kanny
Matthew P. Kanny

323001014.8